## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**STEVEN E. MOORE,**
                **Plaintiff**

**v.**                                            **Civil Action No.**
                                                    **1:04CV104-J**

**JO ANNE B. BARNHART, Commissioner**
**Social Security Administration**

## MEMORANDUM OPINION

      This case presents plaintiff Steven Moore's challenge to the decision of the Commissioner denying his claim to disability insurance benefits and supplemental security income payments. The matter is before the Court on objections to certain of the recommendations of the United States Magistrate Judge. After conducting a de novo review of those matters that are the subject of specific written objection, the Court is of the opinion that

      Mr. Moore filed his applications in September 2001, alleging that he had been unable to engage in any substantial gainful activity since June 28, 2001. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Moore suffered from severe impairments that prevented him from performing any of his past relevant work, but that he retained the residual functional capacity for the full range of light and medium work.

      The United States Magistrate Judge recommended that the matter be remanded for further proceedings. Nonetheless, Mr. Moore disagrees with some of the proposed findings of fact. It appears that these objections are essentially made "for the record," to provide a reviewing Court with additional basis for the recommended conclusion (i.e., remand).

1

Plaintiff objects that the ALJ's credibility finding was not supported by substantial evidence, and he also objects that the ALJ should have identified in his enumerated findings the impairments that he found to be severe. As this matter must be remanded for another hearing and another hearing decision, it is unnecessary for the Court to address these objections.

Plaintiff also objects that the ALJ should not have included sedentary jobs in his enumeration of work that plaintiff could perform. The Court agrees that ability to do light or medium work does not necessarily imply ability to do sedentary work, and a separate determination is appropriate.

An order of remand has this day entered.